UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

JESSE J. HAMMOCK, and,
ANGELA RENE HAMMOCK,

        Debtors.
_____/

Case No.: 16-46848
Chapter 7
Hon. Walter Shapero

## OPINION AND ORDER IN CONNECTION WITH UNITED STATES TRUSTEE'S MOTION TO DISMISS

The United States Trustee ("UST") has moved to dismiss this case for abuse. A case can be dismissed for abuse under § 707(b)(1). Abuse is presumed by application of the formula in § 707(b)(2)(A)(i), part of which takes into account a debtor's "currently monthly income" and "monthly expenses." Incident to that determination, Debtors are required to file the means test form, which shows current income and expenses and the calculations that determine whether or not the presumption arises. "Monthly expenses" are defined in § 707(b)(2)(A)(ii). However, "current monthly income" is not itself defined in § 707(b)(2), but the means test form utilizes income as set forth in Schedule I for these purposes. If a presumption of abuse arises it may only be rebutted by "demonstrating special circumstances," such as are defined and determined under § 707(b)(2)(B). If a presumption of abuse does not arise or is rebutted, the case may still be dismissed for abuse under the separate provision of § 707(b)(3).

In this case, and taking at face value from the schedules and filed documents the other relevant figures, the UST argues you should replace the $1,337.21 figure on line 17 of Debtor's means test form with $363.00 (i.e. allow the claimed deduction for the $363.00 *"Required repayments of retirement fund loans"* figure on line 5d of Schedule I, but **do not** allow (as is proper)

1

the claimed $656.62 deduction for the *"Voluntary* contributions for retirement plans" on line 5c). If one does that, the UST argues, this single change lowers the total deductions from monthly income on line 38 of the means test by $974.71, to $8,789.19. That in turn leads to a monthly disposable income on line 39c of the means test of $879.71. Multiplying that by 60 months results in an available $52,782.60 to repay creditors on line 39d. That clearly and without more gives rise to the presumption of abuse in this case, and the UST is right in its argument in that respect.

At this point, therefore, Debtors initially are required to, and can only, rebut that presumption,, by demonstrating the indicated special circumstances. So far, in that respect Debtors have pointed only to a retirement loan repayment as being such. That is not an item of the kind and type contemplated or within the framework of the statutory language as being a special circumstance,. See *In re Weinert*, 11-69840, 2013 WL 1694482 (Bankr. E.D. Mich. Apr. 11, 2013). By reason of the foregoing, the Court is giving Debtors until on or before September 22, 2016 to file an affidavit specifying additional facts which they believe may constitute the required special circumstances. If they timely file such, the Court will then initially consider whether or not it can conclude such on the basis of the filed pleadings, or set a hearing on same. If the Court concludes, either with or without a hearing, that special circumstances have not been shown, the UST should submit an order (with presentment being waived) stating that unless

within two weeks from the date of that order, the Debtors opt to convert to a Chapter 13 case, the case is dismissed. If the required affidavit is not timely filed, the UST should submit a similar order (with presentment being waived). **IT IS SO ORDERED.**

**Signed on September 12, 2016**

                                                  /s/ Walter Shapero
                                                  **Walter Shapero**
                                                  **United States Bankruptcy Judge**